UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY FISHER,<br><br>     Plaintiff,<br><br>   v.<br><br>DIRECTOR OF OPS OF CDCR,<br><br>     Defendant. | No.  2:14-cv-1085-MCE-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

   Plaintiff Gary Fisher, also known as Gary Barger, is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He seeks leave to proceed in forma pauperis.  *See* 28 U.S.C. § 1915(a).  For the reasons explained below, the court finds that plaintiff has not demonstrated he is eligible to proceed in forma pauperis.

   A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Court records reflect that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See* (1) *Fisher v. McGee*, 2:13-cv-8137-UA-

1

MAN (C.D. Cal.) (dismissed December 11, 2013 as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994),[1] and for naming immune defendants); (2) *Barger v. FBI*, 1:13-cv-535-DLB (E.D. Cal.) (dismissed November 21, 2013 for failure to state a claim); and (3) *Fisher v. FBI*, 1:13-CV-414-LJO-SAB (E.D. Cal.) (dismissed July 26, 2013 for failure to state a claim).

The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). For the exception to apply, the court must look to the conditions the "prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056 (requiring that prisoner allege "an ongoing danger" to satisfy the imminency requirement). Courts need "not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055.

Here, the March 31, 2014 complaint (ECF No. 1) is nearly incomprehensible. Plaintiff is suing the "Director of 'OPS' of CDCR." He appears to allege that he was not properly integrated from single cell status into the general population at California State Prison, Sacramento. He claims that on November 28, 2013, an unknown "psychopath" cut his throat and attempted to murder him, causing a traumatic brain injury, pain, and partial paralysis. Plaintiff believes that CDCR is preventing him from investigating the incident. He also claims to have been "tortured" by using the medication risperdal from January 25, 2013 until July 1, 2013, while at Corcoran State Prison, and that a correctional officer at Corcoran once slammed his head into concrete. Plaintiff also complains that an employee at Pelican Bay State Prison once refused to copy more than 50 pages for him. Plaintiff complains of unspecified safety concerns.

---

[1] In *Heck*, the Supreme Court clarified that a dismissal pursuant to the rule announced therein was a denial of "the existence of a cause of action [under § 1983]." *Heck*, 512 U.S. at 489. Absent a cause of action, there is no claim upon which relief can be granted. Dismissals pursuant to *Heck*, therefore, can reasonably be interpreted as dismissals for failure to state a claim, and qualify as strikes under 1915(g). *Duncan v. Ramirez*, No. C 12-6251, 2013 U.S. Dist. LEXIS 93840, at *4 (N.D. Cal. July 3, 2013); *Ortega v. Heitkamp*, No. 2:11-cv-2735 GEB CKD, 2013 U.S. Dist. LEXIS 9246, at *3 (E.D. Cal. Jan. 23, 2013); *see also Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011); *Rivera v. Allin*, 144 F.3d 719, 730-31 (11th Cir. 1998); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

1   Plaintiff does not allege he faced imminent danger of serious physical injury at the time he
2   filed his complaint, and there is no plausible basis for concluding such a danger existed.  When
3   plaintiff filed the complaint, he was housed at the California Health Care Facility.  None of the
4   events complained of occurred at the California Health Care Facility, where plaintiff remains
5   housed.  Because the complaint fails to demonstrate that plaintiff faced any imminent danger of
6   serious physical injury at the time he filed his complaint, the imminent danger exception does not
7   apply.
8   As plaintiff has not paid the filing fee and is not eligible to proceed in forma pauperis, this
9   action must be dismissed.
10   Accordingly, IT IS HERBEY RECOMMENDED that plaintiff's request for leave to
11   proceed in forma pauperis be denied and this action be dismissed without prejudice to re-filing
12   upon pre-payment of the $400 filing fee.
13   These findings and recommendations are submitted to the United States District Judge
14   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
15   after being served with these findings and recommendations, any party may file written
16   objections with the court and serve a copy on all parties.  Such a document should be captioned
17   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
18   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
19   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
20   Dated:  June 25, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3